The indictment charges the prisoner with forging and uttering as true, an instrument in writing, "commonly called a bank check," which is fully set out in the indictment; and it purported to have been drawn by M. Barker Son, for $2,466.93, on the Bank of Jersey City; and the words "certified by Sparks, Bank J.C.," were written across the face of it. On the trial the only writing proved to have been forged was that written across the face of the check. The proof was that there was no such clerk as Sparks in the bank on which the check was drawn. The counsel for the prisoner requested the court to charge the jury that the indictment did not charge the forgery of the certificate, which was no part of the check and not essential to its validity, and that the prisoner could not be convicted under the indictment which charged only the forgery of the check. The court refused so to charge, and the prisoner's counsel excepted. I am of the opinion the court erred in refusing so to charge the jury. It was held in Rex v. Horwell (6 Carr. Payne, 148), that a count charging a prisoner with uttering a forged bill with intent to defraud John Alcock and others, and setting *Page 199 
out the bill and acceptance upon it, was not supported by proof that the prisoner uttered the bill, and that the acceptance on it was a forgery. Also that a count charging that the prisoner had a bill in his possession, which was set out, with a forged acceptance on it, which was also set out, and that he, knowing the acceptance to be forged, uttered the bill with intent to defraud John Alcock and others, was not good because it did not charge that the prisoner uttered the forged acceptance. That holding clearly was that the acceptance was no part of the bill.
The certificate written across the face of the check, in this case, was no part of the check itself. The check was perfect without it. The indictment should have charged that the prisoner forged the certificate or that he uttered the same as true, knowing it to be forged; or the district attorney should have proved that the check itself was forged.
It is true that our statute makes the forging of the certificate a crime (3 R.S., 5th ed., p. 951, § 33; 1st ed., p. 673), but it does not authorize a conviction on a charge of forging the check upon proof merely of the forging of the certificate. The check and certificate are as clearly different instruments as a bill of exchange and an acceptance of it.
For these reasons I am of the opinion the prisoner was unlawfully convicted, and that the judgment of the Supreme Court, reversing his conviction, should be affirmed.
SELDEN and EMOTT, Js., concurred in this opinion.
Judgment of the Supreme Court reversed, and that of the Court of Sessions affirmed. *Page 200